DAVID G. HALM, SBN: 179957
david.halm@qpwblaw.com
SOFIA YASSIN, ESQ., SBN: 338694
sofia.yassin@qpwblaw.com
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
500 N. Brand Boulevard, Suite 1650
Glendale, CA 91203
Telephone: 213.486.0048
Facsimile:  213.486.0049

Attorneys for Plaintiff VERMILLIONS ENVIRONMENTAL PRODUCTS & APPLICATIONS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| VERMILLIONS ENVIRONMENTAL PRODUCTS & APPLICATIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>E P & A ENVIROTAC, INC., a California corporation; JUSTIN VERMILLION, an individual; SOIL STABILIZATION INNOVATIONS, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT OF VERMILLIONS ENVIRONMENTAL PRODUCTS & APPLICATIONS, INC.; DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff, VERMILLIONS ENVIRONMENTAL PRODUCTS & APPLICATIONS, INC., a California corporation, by and through its attorneys and for its Complaint against Defendants E P & A ENVIROTAC, INC., a California corporation, JUSTIN VERMILLION, an individual, SOIL STABILIZATION INNOVATIONS, INC., a California corporation, and DOES 1 through 10, inclusive, alleges as follows.

## I.

## **THE PARTIES**

1. Plaintiff VERMILLIONS ENVIRONMENTAL PRODUCTS & APPLICATIONS, INC. ("Plaintiff") is a corporation, incorporated under the laws of the State of California. Plaintiff's principal place of business is in the city of La Quinta, County of Riverside, State of California.

2. Defendant E P & A ENVIROTAC, INC. ("EP&A") is a corporation, incorporated under the laws of the State of California. EP&A's principal place of business is located in the city of La Quinta, County of Riverside, State of California.

3. Defendant JUSTIN VERMILLION ("Justin Vermillion" and with EP&A, the "EP&A Defendants") is a citizen of and resident in the County of Riverside, State of California.

4. Defendant SOIL STABILIZATION INNOVATIONS, INC. ("SSI") is a corporation, incorporated under the laws of the State of California. SSI's principal place of business is located in the city of La Quinta, County of Riverside, State of California.

5. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive (with EP&A Defendants and SSI, "Defendants"), and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of each fictitiously named defendant when such identities become ascertained. Plaintiff is informed and believes and based thereon alleges that each fictitiously named DOE defendant is responsible

for or in some way participated in the acts and conduct hereinafter alleged, and that each is therefore liable, jointly and severally with each other, for the damages and other relief Plaintiff seeks to recover by the Complaint.

6. Plaintiff is informed and believes and based thereon alleges that at all times relevant herein, each DOE defendant was the agent, servant, and employee of each other defendant and DOES 1 through 10, inclusive, and in committing the acts and following the course of conduct set forth below, was acting within the course and scope of such agency or employment, and that each DOE defendant ratified and affirmed the acts of each other defendant.

## II.
## JURISDICTION

7. Plaintiff's claims arise under the Lanham Act, 15 U.S.C. 1114, et seq. and under the statutory and common law of the State of California. This Court has jurisdiction over the subject matter of Plaintiff's claims pursuant to § 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1131 and 1338(a), and 28 U.S.C. §§ 1338(b) and 1367. Plaintiff's claim for declaratory relief asserted herein also arises under the Federal Declaratory Relief Judgment Act, 28 U.S.C. §§ 2201-2202.

## III.
## VENUE

8. Venue is proper in this judicial district because at all relevant times herein, Justin Vermillion has resided, each defendant has conducted business and has engaged in conduct alleged herein, in the County of Riverside, State of California. Defendants have engaged in significant business activities and tortious conduct within the County of Riverside, State of California. Such conduct has caused harm to Plaintiff in the County of Riverside and elsewhere.

///

///

///

## IV.

## NATURE OF THE ACTION

9. This action arises out of Defendants' infringement of Plaintiff's registered trademarks, false advertising, unfair and deceptive trade practices, interference with prospective economic advantage and breach of contract including, without limitation, use of the trademarks and tradenames related to such trademarks, and other wrongful conduct. Plaintiff seeks damages caused by Defendants' conduct alleged herein, and injunctive and declaratory relief.

## V.

## FACTUAL BACKGROUND AND ALLEGATIONS
## COMMON TO ALL CLAIMS FOR RELIEF

10. From 2003 to the present, Plaintiff has been in the business of developing, marketing and selling dust control, soil stabilization, erosion and sediment control, and road management products with tradenames ENVIROTAC II, RHINO SNOT, ENVIROTAC EG and ENVIROTAC SC.

11. Plaintiff is the owner of the following trademarks registered by the United States of America Patent and Trademark Office:

    a. ENVIROTAC II, Registration No. 3,961,630, registered May 17, 2011, first used by Plaintiff in 1994;

    b. TEXASROADGLUE, Registration No. 3,964,298 registered May 24, 2011, first used by Plaintiff in 2009;

    c. RHINO SNOT, Registration No. 4,058,539, registered November 22, 2011, first used by Plaintiff in 2002;

    d. EnvirotacSC Super Concentrate, Registration No. 4,992,651, registered July 5, 2016, first used by Plaintiff in 2012;

    e. EnvirotacAW All Weather, Registration No. 5,063,801, registered October 18, 2016, first used by Plaintiff in 2015; and

    f. ENVIROTAC EG, Registration No. 7,193,121, registered October 17, 2023,

first used by Plaintiff in 2017.

12. Plaintiff's registrations provide prima facie evidence of its ownership and validity of its marks.

13. Justin Vermillion was employed by Plaintiff from around 1999 until his employment was terminated in or around 2017.

14. On or about November 9, 2018, Plaintiff and the EP&A Defendants entered into a written contract entitled BINDING AND ENFORCEABLE MEMORANDUM OF SETTLEMENT FOLLOWING MEDIATION ("Agreement"). The Agreement provides, in part:

    a. EP&A Defendants shall be entitled to market and sell Rhino Snot products only as "Rhino Snot by EP&A Envirotac, Inc." and Texas Road Glue products as "Texas Road Glue by EP&A Envirotac, Inc.";

    b. EP&A Defendants may use "Envirotac" only to identify EP&A as "EP&A Envirotac" and shall not otherwise use the name "Envirotac" as a tradename for any product, or market or label any product as Envirotac;

    c. EP&A Defendants may explain, when asked, that EP&A's product is the same as the product they used to sell under the name, Envirotac;

    d. Except for the aforementioned uses specified in the Agreement, Plaintiff and its Chief Executive Officer John Vermillion ("John Vermillion") shall be entitled to the exclusive use of the name Envirotac as a tradename for product;

    e. The EP&A Defendants shall not make any disparaging or negative statement, written or oral, or engage in any negative communication about Plaintiff or its employees, or Plaintiff's work, professional conduct or business; and

    f. In the event an action or proceeding is brought to enforce the terms of the Agreement, the prevailing party in any such action or proceeding shall be entitled to recover reasonable attorney's fees and costs.

15. In or around 2018, Plaintiff created its website EPARHINO.COM and included therein original content and photographs, taken by John Vermillion, about

its products that it first developed, marketed and sold including Rhino Snot, Envirotac II, Envirotac EG and Envirotac SC ("Plaintiff's Photos").

16. As of March 2025, EP&A's website ENVIROTACINC.COM contained unauthorized copies of Plaintiff's Photos and text about products that are identical to content about Plaintiff's products on its website EPARHINO.COM, including content that violates the terms of the Agreement, without Plaintiff's consent. EP&A's marketing its products by using ENVIROTAC in its website name ENVIROTACINC.COM also violates the Agreement. For example, EP&A's website ENVIROTACINC.COM states throughout that it markets and sells Rhino Snot without the language required by the Agreement "by EP&A Envirotac, Inc."

17. EP&A's website contains false, deceptive and misleading statements about Justin Vermillion and EP&A's products. Such statements include, without limitation:

    a. Statements that falsely claim that EP&A has been in business of providing products that are similar to Plaintiff's products for "over 20 years" and "over two decades" when more than 20 years and two decades ago, EP&A's shareholder and officer Justin Vermillion was an employee of Plaintiff;

    b. Statements that falsely claim that EP&A has more than "two decades of experience" when more than two decades ago, EP&A's shareholder and officer Justin Vermillion was an employee of Plaintiff;

    c. Statement that the United States military coined the name "Rhino Snot" for EP&A's flagship product when in fact, the name "Rhino Snot" was coined by the United States military when Plaintiff, not EP&A, supplied such product to the United States military and Justin Vermillion was an employee of Plaintiff; and

    d. Statement that falsely indicates that Justin Vermillion responded to a challenge faced by the United States military at Camp Rhino in the Registan Desert in Afghanistan, during Operation Enduring Freedom when, in fact, Plaintiff, not EP&A, responded and worked at Camp Rhino, applying Plaintiff's Rhino Snot product at the job site, when Justin Vermillion was an employee of Plaintiff.

18. As of March 2025, SSI's website soilstabilizationinnovations.com marketed products with the EnvirotacAW All Weather trademark without Plaintiff's consent.

19. Plaintiff is informed and believes and based thereon alleges that Defendants have otherwise used, marketed, distributed and/or sold products and/or services in a manner that violates the Agreement, infringes upon Plaintiff's registered trademarks and/or and wrongfully misuses Plaintiff's Photos, marketing statements and/or other materials from Plaintiff's website and/or other resources and/or property ("Intellectual Property").

20. Defendants' willful misuse of Plaintiff's Intellectual Property has caused and will continue to cause Plaintiff's customers, potential customers and the market to be confused as to the source of the products and services of the respective parties.

21. Defendants have continued to misuse Plaintiff's Intellectual Property as set forth above in an effort to expand and increase its business in California and throughout the United States including the purchase and use of the internet domain name ENVIROTACINC.COM.

22. Plaintiff first discovered Defendants' misuse of Plaintiff's Intellectual Property in or around March 2025. Plaintiff's claims set forth herein are therefore timely asserted in this Complaint.

23. The unauthorized and infringing use by Defendants of Plaintiff's Intellectual Property has caused and will continue to cause, unless enjoined, irreparable harm, damage, and injury to Plaintiff's good will in its marks and reputation.

24. Plaintiff has been, and will continue to be, irreparably harmed, damaged, and injured as a result of Defendants' infringements, and Defendants have unlawfully and wrongfully derived, and will continue to derive, income and profits from their infringing acts.

25. Within the past two (2) years of the date of the filing of this Complaint, Plaintiff first became aware that the EP&A Defendants made statements to Plaintiff's existing customers for the purpose of deceiving and confusing such customers into believing

that the EP&A Defendants were affiliated with Plaintiff, so that such customers would place orders, for products similar to those that Plaintiff markets and sells, and purchase such products from EP&A, instead of Plaintiff.  At the time the EP&A Defendants engaged in such conduct, each of them knew that such customer was an existing customer of Plaintiff and that Plaintiff was communicating with such customers to solicit purchases of its products by such customers.

26. As a result of Defendants' conduct alleged herein, Plaintiff has suffered economic injuries and resulting damages including loss of profits.

27. As a result of Defendants' conduct alleged herein, Plaintiff has retained counsel to pursue claims against Defendants, thereby causing Plaintiff to incur legal expenses including attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF

## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS

### (Against EP&A, Justin Vermillion and SSI)

28. Plaintiff re-alleges the allegations in the preceding paragraphs 1-27, as if fully set forth herein.

29. This claim is brought under the Lanham Act, 15 U.S.C. §§ 1051 et seq.

30. This claim arises from the unauthorized use by Defendants of the marks ENVIROTAC II, RHINO SNOT, EnvirotacSC Super Concentrate, EnvirotacAW All Weather and ENVIROTAC EG ("marks") in conjunction with Defendants' marketing, advertisement and/or sale of Defendants' products, goods and/or services.

31. Defendants, by their unauthorized appropriation and use of the marks, have engaged, and are continuing to engage, in acts of wrongful deception of the purchasing public, wrongful designation as to the source of such products, goods and/or services, wrongful deprivation of Plaintiff's good name and reputation, and wrongful deprivation of Plaintiff's right to public recognition and credit as the original source of its products, goods and/or services.

32. Defendants' use of the marks has caused and will likely continue to cause

confusion, mistake and/or deception to purchasers as to the source of origin of such products, goods and/or services, resulting in injury to Plaintiff.

33. By virtue of Defendants' conduct, there is actual confusion between the products, goods and/or services of Plaintiff and Defendants. Defendants' conduct constitutes infringement of Plaintiff's registered marks under § 1114 of the Lanham Act.

## SECOND CLAIM FOR RELIEF
## FALSE ADVERTISING – LANHAM ACT
### (Against EP&A, Justin Vermillion and SSI)

34. Plaintiff re-alleges the allegations in the preceding paragraphs 1-27, as if fully set forth herein.

35. This claim is brought under section 43(a) of the Lanham Act.

36. Defendants have made a false statements of fact by in their respective websites and/or other commercial advertisements about their own products;

37. Such statements actually deceived and/or has the tendency to deceive a substantial segment of Plaintiff's existing and prospective customers in the market for Plaintiff's products;

38. Such deception is material, in that it is likely to influence the purchasing decision of Plaintiff's existing and prospective customers in the market for Plaintiff's products;

39. Defendant caused their respective false statements to enter interstate commerce; and

40. Plaintiff has been and/or is likely to be injured as a result of such false statements, either by direct diversion of sales from itself to Defendants and/or by a lessening of the goodwill associated with Plaintiff's products.

///

///

///

## THIRD CLAIM FOR RELIEF

## INFRINGEMENT OF TRADEMARKS IN VIOLATION OF CALIFORNIA BUS. & PROF. CODE SECTION 14245

**(Against EP&A, Justin Vermillion and SSI)**

41. Plaintiff re-alleges the allegations in the preceding paragraphs 1-27, as if fully set forth herein.

42. This claim arises from the unauthorized use by Defendants of the marks ENVIROTAC II, RHINO SNOT, EnvirotacSC Super Concentrate, EnvirotacAW All Weather and ENVIROTAC EG ("marks") in conjunction with Defendants' marketing, advertisement and/or sale of Defendants' products, goods and/or services.

43. Defendants, by their unauthorized appropriation and use of the marks, have engaged, and are continuing to engage, in acts of wrongful deception of the purchasing public, wrongful designation as to the source of such products, goods and/or services, wrongful deprivation of Plaintiff's good name and reputation, and wrongful deprivation of Plaintiff's right to public recognition and credit as the original source of its products, goods and/or services.

44. Defendants' use of the marks has caused and will likely continue to cause confusion, mistake and/or deception to purchasers as to the source of origin of such products, goods and/or services, resulting in injury to Plaintiff.

45. By virtue of Defendants' conduct, there is actual confusion between the products, goods and/or services of Plaintiff and Defendants. Defendants' conduct constitutes infringement of Plaintiff's marks under California Business and Professions Code section 14245.

## FOURTH CLAIM FOR RELIEF

## INFRINGEMENT OF PLAINTIFF'S TRADEMARKS IN VIOLATION OF CALIFORNIA COMMON LAW

**(Against EP&A, Justin Vermillion and SSI)**

46. Plaintiff re-alleges the allegations in the preceding paragraphs 1-27, as if fully

set forth herein.

47. This claim arises from the unauthorized use by Defendants of the marks ENVIROTAC II, RHINO SNOT, EnvirotacSC Super Concentrate, EnvirotacAW All Weather and ENVIROTAC EG ("marks") in conjunction with Defendants' marketing, advertisement and/or sale of Defendants' products, goods and/or services.

48. Defendants, by their unauthorized appropriation and use of the marks, have engaged, and are continuing to engage, in acts of wrongful deception of the purchasing public, wrongful designation as to the source of such products, goods and/or services, wrongful deprivation of Plaintiff's good name and reputation, and wrongful deprivation of Plaintiff's right to public recognition and credit as the original source of its products, goods and/or services.

49. Defendants' use of the marks has caused and will likely continue to cause confusion, mistake and/or deception to purchasers as to the source of origin of such products, goods and/or services, resulting in injury to Plaintiff.

50. By virtue of Defendants' conduct, there is actual confusion between the products, goods and/or services of Plaintiff and Defendants. Defendants' conduct constitutes infringement of Plaintiff's marks under California common law.

## FIFTH CLAIM FOR RELIEF

### DILUTION OF PLAINTIFF'S TRADEMARKS IN VIOLATION OF FEDERAL LAW

**(Against EP&A, Justin Vermillion and SSI)**

51. Plaintiff re-alleges the allegations in the preceding paragraphs 1-27, as if fully set forth herein.

52. This claim arises from the unauthorized use by Defendants of the marks ENVIROTAC II, RHINO SNOT, EnvirotacSC Super Concentrate, EnvirotacAW All Weather and ENVIROTAC EG ("marks") in conjunction with Defendants' marketing, advertisement and/or sale of Defendants' products, goods and/or services.

53. Defendants, by their unauthorized appropriation and use of the marks, have

engaged, and are continuing to engage, in acts of wrongful deception of the purchasing public, wrongful designation as to the source of such products, goods and/or services, wrongful deprivation of Plaintiff's good name and reputation, and wrongful deprivation of Plaintiff's right to public recognition and credit as the original source of its products, goods and/or services.

54. Defendants' use of the marks has caused and will likely continue to cause confusion, mistake and/or deception to purchasers as to the source of origin of such products, goods and/or services, resulting in injury to Plaintiff.

55. By virtue of Defendants' conduct, there is actual confusion between the products, goods and/or services of Plaintiff and Defendants. Defendants' conduct constitutes infringement of Plaintiff's marks which has resulted in improper dilution of such marks pursuant to 15 U.S.C. § 1125(c).

## SIXTH CLAIM FOR RELIEF

## DILUTION OF PLAINTIFF'S TRADEMARKS IN VIOLATION OF CALIFORNIA LAW

**(Against EP&A, Justin Vermillion and SSI)**

56. Plaintiff re-alleges the allegations in the preceding paragraphs 1-__, as if fully set forth herein.

57. This claim arises from the unauthorized use by Defendants of the marks ENVIROTAC II, RHINO SNOT, EnvirotacSC Super Concentrate, EnvirotacAW All Weather and ENVIROTAC EG ("marks") in conjunction with Defendants' marketing, advertisement and/or sale of Defendants' products, goods and/or services.

58. Defendants, by their unauthorized appropriation and use of the marks, have engaged, and are continuing to engage, in acts of wrongful deception of the purchasing public, wrongful designation as to the source of such products, goods and/or services, wrongful deprivation of Plaintiff's good name and reputation, and wrongful deprivation of Plaintiff's right to public recognition and credit as the original source of its products, goods and/or services.

59. Defendants' use of the marks has caused and will likely continue to cause confusion, mistake and/or deception to purchasers as to the source of origin of such products, goods and/or services, resulting in injury to Plaintiff.

60. By virtue of Defendants' conduct, there is actual confusion between the products, goods and/or services of Plaintiff and Defendants. Defendants' conduct constitutes infringement of Plaintiff's marks which has resulted in improper dilution of such marks pursuant to California Business and Professions Code section § 14247.

## SEVENTH CLAIM FOR RELIEF

### FALSE ADVERTISING

### CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17500

**(Against EP&A, Justin Vermillion and SSI)**

61. Plaintiff re-alleges the allegations in the preceding paragraphs 1-27, as if fully set forth herein.

62. This claim is brought under California Business and Professions Code section 17500.

63. Defendants have made a false statements of fact by in their respective websites and/or other commercial advertisements about their own products.

64. Such statements actually deceived and/or has the tendency to deceive a substantial segment of Plaintiff's existing and prospective customers in the market for Plaintiff's products.

65. Such deception is material, in that it is likely to influence the purchasing decision of Plaintiff's existing and prospective customers in the market for Plaintiff's products.

66. Defendant caused their respective false statements to enter interstate commerce.

67. Plaintiff has been and/or is likely to be injured as a result of such false statements, either by direct diversion of sales from itself to Defendants and/or by a lessening of the goodwill associated with Plaintiff's products.

68. Defendants should be permanently enjoined from engaging in such false advertising and other aforementioned conduct, which constitute deceptive, untrue and/or misleading business acts or practices, and unfair competition pursuant to California Business and Professions Code section 17200.

## EIGHTH CLAIM FOR RELIEF

### INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

**(Against EP&A, Justin Vermillion and SSI)**

69. Plaintiff re-alleges the allegations in the preceding paragraphs 1-27, 29-33, 35-40, 42-45, 47-50, 52-55, 57-60 and 62-68 as if fully set forth herein.

70. There was an economic relationship between Plaintiff and its customers and prospective customers with the probability of future economic benefit to Plaintiff.

71. Defendants had knowledge of such relationships.

72. Defendants engaged in intentional acts designed to disrupt such relationships. Such interference was wrongful by some legal measure other than the fact of interference itself in that Defendants engaged in independently wrongful acts beyond disruption of the economic relationship between Plaintiff and its customers and prospective customers.

73. Such intentional acts caused actual disruption of the relationship between Plaintiff and its customers and prospective customers.

74. As a result of such interference by Defendants, and each of them, Plaintiff suffered economic harm and resulting damages.

## NINTH CLAIM FOR RELIEF

### NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

**(Against EP&A, Justin Vermillion and SSI)**

75. Plaintiff re-alleges the allegations in the preceding paragraphs 1-27, 29-33, 35-40, 42-45, 47-50, 52-55, 57-60 and 62-68, as if fully set forth herein.

76. There was an economic relationship between Plaintiff and its customers and prospective customers. Such economic relationship contained a reasonably probable future economic benefit or advantage to Plaintiff.

77. Defendants knew of the existence of such relationships and were aware or should have been aware that if it did not act with due care its actions would interfere with such relationships and cause Plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationships.

78. Defendants were negligent.

79. Such negligence caused damage to Plaintiff in that the relationships were actually interfered with or disrupted and Plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship. As a result of such negligence by Defendants, and each of them, Plaintiff suffered economic harm and resulting damages.

## TENTH CLAIM FOR RELIEF

### (BREACH OF CONTRACT)

### Against EP&A and Justin Vermillion

80. Plaintiff re-alleges and re-avers the allegations in the preceding paragraphs 1-27 as if fully set forth herein.

81. Plaintiff entered into the Agreement with each of the EP&A Defendants, a valid and enforceable written contract.

82. Each of the EP&A Defendants have breached the Agreement by engaging in the conduct set forth hereinabove.

83. Plaintiff has substantially performed under the terms of the Agreement.

84. As a proximate and direct result of each of the EP&A Defendants' breaches of the Agreement, Plaintiff has suffered damages, in an amount to be proven at trial.

///

///

///

## ELEVENTH CLAIM FOR RELIEF

### (DECLARATORY RELIEF)

### Against EP&A and Justin Vermillion

85. Plaintiff re-alleges and re-avers the allegations in the preceding paragraphs 1-27, 29-33, 35-40, 42-45, 47-50, 52-55, 57-60, 62-68, 70-74, 76-79 and 81-84 as if fully set forth herein.

86. The EP&A Defendants contend that their conduct alleged herein does not violate Federal or California law or the Agreement.  Plaintiff contends that EP&A Defendants' conduct alleged herein violates Federal and/or California law and/or the Agreement.

87. An actual, present and justiciable controversy has arisen between Plaintiff and the EP&A Defendants concerning whether the EP&A Defendants' conduct alleged herein violates Federal and/or California law and/or the Agreement, and whether Defendants may continue to engage in such conduct.

88. Plaintiff seeks declaratory judgment from the Court that the EP&A Defendants' conduct alleged herein violates Federal and/or California law and/or the Agreement, and that the EP&A Defendants shall no longer engage in such conduct.

## RESERVATION OF RIGHT TO AMEND

89. Plaintiff presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, claims available. Plaintiff herein reserves the right to assert claims in the event that discovery indicates that they would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. That Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, or any of

them, be preliminarily and then permanently restrained and enjoined from infringing in any manner with Plaintiff's registered trademarks.

2. That Defendants be ordered, pursuant to 15 U.S.C. § 1118 and A.R.S. § 44-1451(B)(5), to deliver up to the Court for destruction or other disposition all labels, signs, prints, packages, wrappers, advertisements, billboards, wrappers, receptacles, and all means of making the same that violated the aforementioned statutes, common law and/or the Agreement;

3. That Defendants be ordered, pursuant to the Lanham Act, to pay Plaintiff any and all economic damages, including costs, due as a result of Defendants' trademark infringement;

4. That Defendants be ordered to pay Plaintiff any and all economic damages, including costs, due as a result of their breaches of the Agreement, unfair trade practices, interference and/or unfair competition;

5. That Defendants be ordered, pursuant to 15 U.S.C. § 1117(a) and the Agreement to pay Plaintiff its attorney's fees and costs in this action; and

6. That Plaintiff be granted any and all other relief that this Honorable Court deems just and proper.

DATED: April 17, 2025　　　　　　**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By: _/s/ David G Halm_
DAVID G. HALM
Attorneys for Plaintiff
VERMILLIONS ENVIRONMENTAL PRODUCTS & APPLICATIONS, INC.

## DEMAND FOR JURY TRIAL

Plaintiff VERMILLIONS ENVIRONMENTAL PRODUCTS & APPLICATIONS, INC., a California corporation, hereby demands a jury trial pursuant to Fed. R. Civ. P. 38.

DATED: April 17, 2025         **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By: _/s/ David G. Halm_
DAVID G. HALM
Attorneys for Plaintiff
VERMILLIONS ENVIRONMENTAL PRODUCTS & APPLICATIONS, INC.