DAVID G. HALM, ESQ. (SBN: 179957)
David.Halm@qpwblaw.com
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
500 N. Brand Boulevard, Suite 1650
Glendale, California 91203
Telephone: 213.486.0048
Facsimile: 213.486.0049

Attorneys for Plaintiff and Counterclaim-Defendant
VERMILLIONS ENVIRONMENTAL PRODUCTS &
APPLICATIONS, INC., and Counterclaim-Defendant
JOHN VERMILLION

JAMES E. DOROSHOW (SBN 112920)
JDoroshow@FoxRothschild.com
**FOX ROTHSCHILD LLP**
Constellation Place
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828

Attorneys for Defendants and Counterclaimants
EP&A ENVIROTAC, INC. and
JUSTIN VERMILLION, and Defendant
SOIL STABILIZATION INNOVATIONS, INC.

COLIN V. QUINLAN (SBN 332225)
colin.quinlan@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Counterclaim-Defendants
VERMILLIONS ENVIRONMENTAL PRODUCTS & APPLICATIONS, INC.
and JOHN VERMILLION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

VERMILLIONS ENVIRONMENTAL PRODUCTS & APPLICATIONS, INC., a California corporation,

Plaintiff,

vs.

Case No. 5:25-cv-00944-JGB-SPx

Judge: Hon. Jesus G. Bernal
Magistrate Judge: Hon. Sheri Pym

**SECOND AMENDED STIPULATED PROTECTIVE ORDER**

| | |
|---|---|
| E P & A ENVIROTAC, INC., a California corporation; JUSTIN VERMILLION, an individual; SOIL STABILIZATION INNOVATIONS, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | |
| EP&A ENVIROTAC, INC., a California corporation, and JUSTIN VERMILLION, an individual,<br><br>Counterclaimants,<br><br>vs.<br><br>VERMILLIONS ENVIRONMENTAL PRODUCTS & APPLICATIONS, INC., a California corporation; and JOHN VERMILLION, an individual,<br><br>Counterclaim-Defendants. | |

1. A. PURPOSES AND LIMITATIONS

This Amended Stipulated Protective Order modifies and supersedes the Stipulated Protective Order issued by the Court on April 09, 2026. [ECF 37.]

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Amended Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 (Filing Protected Material), below, that this Amended Stipulated Protective Order does not entitle them to file confidential

information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Each party believes that the disclosure to the public and to their competitors of, among other things, all or some of this information will likely result in their suffering competitive harm, including unfair competitive advantage to their competitors. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and that there is good cause why it should not

be part of the public record of this case.

2. DEFINITIONS

2.1 "Action": this pending federal lawsuit, *Vermillions Environmental Products & Applications, Inc. v. E P & A Envirotac, Inc., et al.*, No. 5:25-cv-00944-JGB-SP (C.D. Cal. 2025).

2.2 "VEPA": Plaintiff and Counterclaim Defendant Vermillions Environmental Products & Applications, Inc.

2.3 "John Vermillion": Counterclaim Defendant John Vermillion.

2.4 "VEPA Parties": collectively, VEPA and Counterclaim Defendant John Vermillion.

2.5 "EP&A": Defendant and Counterclaimant EP&A Envirotac, Inc. (named as "E P & A Envirotac, Inc." in VEPA's Complaint filed in this Action).

2.6 "Justin Vermillion": Defendant and Counterclaimant Justin Vermillion.

2.7 "Defendants": Collectively, EP&A, Justin Vermillion, and Soil Stabilization Innovations, Inc.

2.8 "Parties": Collectively, all parties to the Action, including the VEPA Parties and Defendants.

2.9 "Challenging Party": a Party or Non-Party that challenges the designation of information or items under this Order.

2.10 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. As a general guideline, "CONFIDENTIAL" information is material that a Producing Party reasonably believes to constitute or include information that is not known or freely accessible to the general public in the categories of at least 1) confidential and trade secret technical information, 2) financial information, 3) personal information, or 4) information furnished to it in

confidence by any third party. There is a particularized need for information in each of these categories to be covered by the Order in order to protect its confidential nature, either because it is protected by confidentiality agreements or otherwise generally not known by the public.

2.11 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, and also that have significant competitive value such that disclosure to others would create a risk of injury or competitive harm to the Designating Party. Examples of information that could be considered HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY include sales volumes, sales units, cost of goods sold, inventory, price structures, discounts, business costs, profits, margins, marketing strategies, business strategies, competitive business plans, contracts, corporate planning documents, strategic planning documents, and documents that reveal market or customer analyses, competitive strategy, and/or the identity of customers. There is a particularized need for information in each of these categories to be covered by the Order in order to protect its highly sensitive and confidential nature, as disclosure could create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.12 "Designating Party": a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.13 "Disclosure or Discovery Material": all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are

produced or generated in disclosures or responses to discovery in this matter.

2.14 "Expert": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.15 "House Counsel": attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.16 "Non-Party": any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.17 "Outside Counsel of Record": attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including support staff.

2.18 "Party": any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.19 "Producing Party": a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.20 "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.21 "Protected Material": any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.22 "Receiving Party": a Party that receives Disclosure or Discovery Material from a Producing Party.

2.23 "Identify" when used with respect to a person, shall mean to state the following: (a) for a natural person, the person's full entire and last – known address and cellphone number; and (b) for any other person, to state his, her or its full name, its business name(s) and address(es).

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this litigation, as defined in Section 13 (FINAL DISPOSITION), the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. This Protective Order shall govern all documents and information produced in this Action, including documents and information

produced before the entry of this Protective Order—for example, the Non-Party documents discussed in Section 7.5 below.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party, to the extent practical, shall identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party, to the extent practical, shall identify the protected portion(s) (e.g., by making appropriate markings in the margins). Further, if a Non-Party produces Discovery Material in this Action, or if a Producing Party produces to a Receiving Party any Discovery Material the Producing Party obtained from a Non-Party pursuant to a subpoena, the Receiving Party reserves the right to designate such Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the extent the Non-Party Discovery Material contains Protected Material of the Receiving Party.

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record with the level of protection being asserted, before the close of the deposition all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Amended Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if a substantial portion of the deposition falls within such designation or it is impractical to separately identify each portion of the testimony that may qualify for protection.

Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Civil Local Rule 37-1 et seq.

6.3 Joint Stipulation. Any challenge submitted to the Court shall be in the form of a joint stipulation pursuant to Civil Local Rule 37-2.

6.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and

under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) up to two (2) officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Amended Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions or appointed by the Court, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to persons identified in Sections 7.2(a) and 7.2(c)-(i) of this Order.

7.4 Deposition Attendees. Whenever information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the Designating Party may exclude from the room any person, other than persons designated in Sections 7.2 and 7.3, as appropriate, for that portion of the deposition, hearing, or pre-trial proceeding.

7.5 Remedies for Past Failure to Serve Third Party Subpoena.

On February 18, 2026, counsel for the VEPA Parties informed defense

counsel that VEPA's counsel David G. Halm, Esq., Quintairos, Prieto, Wood & Boyer, P.A. ("VEPA's Counsel"), had served a subpoena duces tecum (the "Subpoena") on Non-Party Peninsula Polymers, LLC ("Peninsula Polymers" or "Polymers") in August 2025. At the same time, defense counsel was told that Peninsula Polymers produced to the VEPA Parties documents containing Defendants' business records that Defendants contend contain confidential information (the "Polymers production"). This was all done without Defendants' knowledge or consent, and without notice to Defendants prior to service of the Subpoena and subsequent production. VEPA's Counsel maintains that he did not intentionally cause the Subpoena to be served without Defendants' knowledge or consent, and without notice to Defendants prior to service of the Subpoena and subsequent production. For purposes of this Stipulation and Order, the Parties agree that when referring to the Polymers Production and any documents and/or information therein, use of the word "confidential" means that Defendants contend and the VEPA Parties agree that Defendants contend that such documents and/or information are CONFIDENTIAL as defined herein.

Peninsula Polymers is a vendor Defendants hired to store their confidential business records several years ago. Among other information shared with the VEPA Parties after being served with the Subpoena, Defendants have now learned Polymers produced CONFIDENTIAL or HIGHLY CONFIDENTIAL business information and documents relating to Defendants' customers, including customer orders and related documents. Because Defendants were not properly notified of service of the Subpoena, the Polymers documents were never properly marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL as they should and would have been if Defendants had known of the Subpoena and were properly served with a copy of it prior to production.

By law, Defendants should have been notified by the VEPA that it would be

serving the Subpoena before it was served as required by Fed. R. Civ. P. 45(a)(4). Defendants should also have been provided with copies of the Polymers documents before they were produced so they could have properly marked them before production.

Instead, defense counsel only first learned of the service of the Subpoena and Polymers production on February 18, 2026, approximately six months after the Subpoena had already been served and, according to VEPA's counsel, approximately seven weeks after Defendants' confidential business records had already been produced on December 29, 2025. On February 18, 2026, defense counsel first learned that VEPA's counsel had served the Subpoena and had obtained Defendants' confidential business records in response to it. This knowledge was only obtained after defense counsel was sent a Settlement Proposal that the VEPA Parties' counsel had prepared and sent to defense counsel. The Settlement Proposal included numerous citations and references to Defendants' business records Polymers had produced to the VEPA Parties seven weeks earlier (according to VEPA's counsel) without Defendants' knowledge or consent. After reviewing the VEPA Parties' Settlement Proposal, defense counsel asked the VEPA Parties' counsel where the documents cited in the Settlement Proposal had been obtained. Counsel for the VEPA Parties then informed defense counsel for the first time that the documents cited and quoted in the Settlement Proposal had been obtained from Polymers in response to the VEPA Parties' previously unserved Subpoena. At the same time, counsel for the VEPA Parties advised defense counsel that his office had overlooked serving Defendants with copies of both the Subpoena and the Polymers documents. Having learned of this oversight by the VEPA Parties and their counsel on February 18, 2026, defense counsel then requested that the VEPA Parties' counsel send defense counsel a copy of the Subpoena and all of the Polymers documents for his review.

After a preliminary review of the Subpoena and Polymers production, it has now been learned that the Polymers production included documents dating back to 2022-2025. It has also been learned that several of the records postdated the filing of this Action by VEPA on April 17, 2025 (Dkt. No.1). Based upon a preliminary review, it has further been learned that the Polymers documents include Defendants' business records that should have been marked as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before being produced. This included documents that Defendants contend contain confidential trade secret information relating to Defendants' customers and their business. Because defense counsel was never served with a copy of the Subpoena before it was served, however, defense counsel was never given the opportunity to review the Polymers documents before they were produced, and to ensure they were properly marked with "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" markings. Had the VEPA Parties properly notified Defendants of their intent to serve the Subpoena prior to serving it as required by law, Defendants could have reviewed both the Subpoena before it was served and made sure the confidential documents that Polymers produced were properly marked in advance of their production with "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designations. Because this was never done, however, Defendants contend they now face a serious problem.

After defense counsel first learned of the Subpoena and the Polymers production, he asked the VEPA Parties' counsel to identify all individuals who had been given access to the Polymers documents. The VEPA Parties' counsel then informed defense counsel that he had already sent copies of Defendants' unmarked confidential business records to his clients. Because the VEPA Parties and Defendants compete in the same business for similar customers, Defendants contend that this has now created a serious problem for Defendants that needs to be

immediately remedied. Because Defendants contend that the disclosure of the confidential Polymers documents to the VEPA Parties was a serious infraction of Defendants' rights, these circumstances now required this Section 7.5 to be included in this Protective Order. For now, to try to at least partially remedy this infraction at this time, the Parties have agreed that the Court should immediately order the following initial relief:

(1) To the extent they have not already done so, the VEPA Parties should be ordered to destroy all paper and electronic copies of the Polymers documents in their possession, as well as all other documents referring or related to them.

(2) The VEPA Parties should also be ordered to destroy all paper and electronic copies of any document relating to or containing information derived from the Polymers documents, including, but not limited to, email correspondence between the VEPA Parties and their counsel or with third parties that refer or relate to the Polymers documents or their contents. This would include, but not be limited to, the Settlement Proposal drafted by VEPA's counsel which contains multiple references to and quotations from the Polymers documents, as well as information that can be gleaned from Defendants' confidential business records that were produced by Polymers without appropriate confidentiality markings.

(3) Counsel for the VEPA Parties should further be precluded from discussing the Polymers documents, their contents or anything related to them with the VEPA Parties or with anyone else, except as otherwise expressly permitted under the terms of this Protective Order. The VEPA Parties should also be prohibited from contacting or communicating with any of Defendants' customers unless such customers were already

preexisting customers of the VEPA Parties or are prospective customers who are not known by the VEPA Parties to be Defendants' customers based on information contained in or derived from the Polymers documents. In addition, the VEPA Parties should be precluded from discussing the Polymers documents with Defendants' clients or any other third party, including any information found in or related to them.

(4) The VEPA Parties should further be precluded from using any information contained in or derived from the Polymers documents for any purpose unrelated to this Action, including, but not limited to, for any competitive business purpose such as to solicit business.

(5) John Vermillion and all other persons who have already been given access to the Polymers documents should be ordered to sign Exhibit A to this Protective Order immediately after it has been entered by the Court.

(6) The VEPA Parties should be required to Identify all persons who have been shown copies of one or more of the Polymers documents and whom the VEPA Parties or their counsel have communicated with about the documents or anything referring or relating to them. This should be completed within ten (10) days after the entry of this Protective Order in a sworn declaration(s) from one or more of the VEPA Parties which is/are verified under penalty of perjury.

Because Defendants have only recently learned of these circumstances, Defendants have not yet had the opportunity to conduct a complete review of the Polymers production to date. This review cannot be completed on short notice because of the large volume of documents that still need to be reviewed to determine what confidential records were produced, not properly marked and/or improperly shown to the VEPA Parties or others. The Court should therefore allow

Defendants and their counsel additional time to complete their review, as well as given the opportunity to seek additional appropriate relief after doing so.

For now, however, a complete review of the Polymers documents by Defendants' counsel is not presently necessary because the Parties have agreed to try to work together to see if they can settle this Action at the present time. To allow settlement discussions to take place without incurring additional legal fees or costs, the Parties have therefore agreed to treat the entire Polymers production as "HIGHLY **CONFIDENTIAL–ATTORNEYS' EYES ONLY" on a temporary basis. Should the Parties be unable to settle this Action, they have agreed to revisit the issue of what additional steps should be taken to allow defense counsel to properly review and mark the Polymers documents and to allow Defendants the opportunity to seek additional appropriate relief, such as sanctions. As such, if they cannot settle this Action, the Parties have now agreed that, after Defendants are at least given a fair opportunity to review the entire Polymers production and properly mark the Polymers documents, Defendants will be given the right to seek additional relief including, but not limited to, seeking evidentiary sanctions and any other type of appropriate relief.

On or about July 13, 2026, Quintairos, Prieto, Wood & Boyer, P.A. ("QPWB"), counsel for the VEPA Parties, agreed to pay a confidential amount to counsel for the EP&A Parties, and did so on or about July 27, 2026, to resolve certain issues addressed in Section 7.5. In consideration for payment of this confidential amount, the EP&A Parties have agreed to and shall not move for or otherwise seek monetary sanctions against the VEPA Parties, QPWB, or any other law firm or attorney who represents or may represent the VEPA Parties in this action, arising out of or related to attorneys' fees and/or costs that have been incurred by the EP&A Parties as a result of the past conduct set forth in Section 7.5, as of the date of this Stipulation. The EP&A Parties may seek any other appropriate

relief, including, but not limited to, evidentiary and issue sanctions, and additional monetary sanctions arising out of or related to attorneys' fees and/or costs that have been or may be incurred by the EP&A Parties after the date of this Stipulation, as a result of the conduct set forth in Section 7.5. The VEPA Parties may oppose any motion, application or other proceeding brought by the EP&A Parties to seek such relief.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a discovery request, subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the discovery request, subpoena or court order;

(b) promptly notify in writing the party who caused the discovery request, subpoena or order to issue in the other litigation that some or all of the material covered by the discovery request, subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Amended Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order within 14 days of receiving the notice, the Party served with the discovery request, subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court in which the discovery request was served or from which subpoena or order issued, unless the Party has obtained the

Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Amended Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive

to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Amended Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Section 7.5 above sets forth Defendants' requested relief for the unauthorized disclosure of the Peninsula Polymers documents, which Defendants contend contain Defendants' highly confidential information, to John Vermillion.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence

502(d) and (e), the Parties acknowledge that, regardless of the diligence of any party, an inadvertent production of privileged or attorney work product documents may occur. The inadvertent production of privileged or work-product protected documents, electronically stored information or information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.

12. MISCELLANEOUS

12.1 Right to Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Amended Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4 Materials Withheld or Redacted for Privilege. Nothing in this Order abridges the right of a producing party to withhold documents protected by privilege, the work product doctrine, or any other recognized immunity from discovery ("Privileged Information") or redact documents containing both Privileged Information and non-privileged information. Documents that contain

both Privileged Information and non-privileged information will be produced with the privileged information redacted in such a way as to show the location of the redaction within the document and the reason therefore (e.g., "Redacted – Privilege" or "Redacted – Work Product" or equivalent). Documents withheld or redacted on privilege grounds will be identified in a privilege log in accordance with Fed. R. Civ. P. 26(b)(5), provided, however, that neither party shall be required to include on its privilege log documents created or received by the party or its counsel on or after the date of filing of the Complaint.

13. FINAL DISPOSITION

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 25, 2026

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

By: /s/ *David G. Halm*
David Halm

Attorneys for Plaintiff and Counterclaim-Defendant VERMILLIONS ENVIRONMENTAL PRODUCTS & APPLICATIONS, INC., and Counterclaim-Defendant JOHN VERMILLION

Dated: August 25, 2026

FOX ROTHSCHILD LLP

By: /s/ *James E. Doroshow*
James E. Doroshow

Attorneys for Defendants and Counterclaimants EP&A ENVIROTAC, INC. and JUSTIN VERMILLION, and Defendant SOIL STABILIZATION INNOVATIONS, INC.

Dated: August 25, 2026

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/ *Colin V. Quinlan*
Colin V. Quinlan

Attorneys for Counterclaim-Defendants VERMILLIONS ENVIRONMENTAL PRODUCTS & APPLICATIONS, INC. JOHN VERMILLION

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: September 8, 2026

Honorable Sheri Pym
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [print or type full name], of __________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Amended Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Vermillions Environmental Products & Applications, Inc. v. E P & A Envirotac, Inc., et al.*, No. 5:25-cv-00944-JGB-SP (C.D. Cal. 2025). I have complied and agree to continue to comply with and to be bound by all the terms of this Amended Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Amended Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Amended Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint ___________________________ [print or type full name] of ________________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Amended Stipulated Protective Order.

Date: ______________________________________

City and State where sworn and signed: __________________________________

Printed name: ________________________________

Signature: __________________________________

## CERTIFICATE OF ATTESTATION

Pursuant to Rule 5-4.3.4(a)(2) of the United States District Court for the Central District of California Local Rules, I, David G. Halm, attest that on May 13, 2026, I received the consent of James E. Doroshow and Austen C. Endersby to file the foregoing with the respective e-signatures affixed.

/s/ David G. Halm

## CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served on May 19, 2026, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

/s/ David G. Halm

# PROOF OF SERVICE

*Vermillions Environmental products & Applications v. EP&A Envirotac, Inc., et al.*
United States District Court for the State of California, Central Division
Case No.: 5:25-cv-00944-JGB-SP
Client/Matter: 213208

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 500 N. Brand Boulevard, Suite 1650, Glendale, CA 91203.

On September 6, 2026, I served the following document described **[PROPOSED] SECOND AMENDED STIPULATED PROTECTIVE ORDER** on the following persons at the following address:

**SEE ATTACHED SERVICE LIST**

☐ **(BY CM/ECF)** I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants (if any) indicated on the Manual Notice list.

☒ **BY ELECTRONIC SERVICE:** I caused the above-entitled document(s) to be served via E-mail to the E-mail addresses on the attached Service List. The document(s) is not being served by U.S. mail due to the COVID-19 coronavirus National Emergency and stay-at- home orders. Electronic service is being made pursuant to an agreement with all parties and pursuant to California Code of Civil Procedure § 1010.6. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the State of United States of America that the foregoing is true and correct.

Executed on September 6, 2026, at Palmdale, California.

Liseth Gonzalez

**SERVICE LIST**

*Vermillions Environmental products & Applications v. EP&A Envirotac, Inc., et al.*
United States District Court for the State of California, Central Division
Case No.: 5:25-cv-00944-JGB-SP
Client/Matter: 213208

| | |
|---|---|
| JAMES E. DOROSHOW (SBN 112920)<br>**FOX ROTHSCHILD LLP**<br>Constellation Place<br>10250 Constellation Blvd., Suite 900<br>Los Angeles, CA 90067<br>Telephone: (310) 598-4150<br>Facsimile: (310) 556-9828<br>JDoroshow@FoxRothschild.com | Attorneys for Responding Partys and Counterclaimants<br>**EP&A ENVIROTAC, INC. and JUSTIN VERMILLION** |
| COLIN V. QUINLAN (SBN 332225)<br>**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**<br>555 South Flower Street, Suite 2900<br>Los Angeles, California 90071<br>Telephone: (213) 443-5100<br>Facsimile: (213) 443-5101<br>colin.quinlan@wilsonelser.com | Attorneys for Counterclaim-defendants<br>**VERMILLIONS ENVIRONMENTAL PRODUCTS & APPLICATIONS, INC. and JOHN VERMILLION** |